NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH TELLEWOYAN, | : | Civil Action No. 05-4653 (FLW) |
| | : | |
| Appellant-Debtor, <u>Pro</u> <u>Se</u>, | : | Bankruptcy Case No. 05-27045 |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO HOME MORTGAGE, | : | |
| | : | OPINION |
| Appellee. | : | |

**APPEARANCES:**

For Appellant-Debtor:
JOSEPH TELLEWOYAN, <u>PRO</u> <u>SE</u>
8 RIVER BANK DRIVE
ROEBLING, NJ 08554

For Appellee:
MICHAEL S. ACKERMAN
ZUCKER, GOLDBERG & ACKERMAN
200 SHEFFIELD STREET, SUITE 301
PO BOX 1024
MOUNTAINSIDE, NJ 07092-0024

**WOLFSON, District Judge**:

  Appellant-Debtor <u>pro se</u> Joseph Tellewoyan ("Appellant", "Debtor" or "Tellewoyan") has appealed orders entered by the Honorable Raymond T. Lyons, U.S.B.J., on July 20, 2005 and August 17, 2005 in Bankruptcy Case No. 05-27045. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). Since the filing of his appeal, Tellewoyan has failed to file a brief in this matter and did not notify the Court that he had changed his address. For the reasons set forth below, Tellewoyan's appeal is dismissed.

1

## I. BACKGROUND

On July 20 2005, Judge Lyons filed an Order vacating the automatic stay to permit Appellee Wells Fargo Home Mortgage ("Appellee" or "Wells Fargo") "to institute or resume prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue movant's rights in ... Real property more fully described as 8 River Bank Drive, Roebling, NJ 08554." In Re Tellewoyan, 05-27045 (RTL), Order (July 20, 2005). On August 1, 2005, Tellewoyan filed a motion to reinstate the automatic stay. On August 17, 2005, Judge Lyons filed an Order denying Tellewoyan's motion. In Re Tellewoyan, 05-27045 (RTL), Order (Aug. 17, 2005). On September 25, 2005, Tellewoyan appealed Judge Lyons's Orders of July 20, 2005 and August 17, 2005. According to Federal Rule of Bankruptcy Procedure 8009(a)(1), Tellewoyan was to file his brief within fifteen days of the entry of the appeal on the docket. Plaintiff, however, sought an extension, which was ultimately granted by the Honorable Stanley R. Chesler, U.S.D.J. According to Judge Chesler's Order dated March 3 2006, Tellewoyan was to file his brief by March 27, 2006. The docket also reflects that on October 20, 2005, Judge Lyons dismissed Tellewoyan's bankruptcy case, 05-27045 (RTL). On July 10, 2006, this case was reassigned from Judge Chesler to this Court. On July 13, 2006, I ordered Tellewoyan to show cause why his case should not be dismissed as a result of his failure to file briefing in this matter and as a result of the dismissal of the underlying bankruptcy case. Both the Reassignment Order and the Order to Show Cause were mailed to Tellewoyan, but were ultimately returned to the Clerk by the Postal Service as "undeliverable."

## II. DISCUSSION

Under Article III, § 2, of the United States Constitution, federal courts have the ability to

entertain only cases and controversies.  Article III requires that an actual controversy exist through all stages of litigation, including appellate review. United States v. Kissinger, 309 F.3d 179, 180 (3d Cir.2002).  As a result, a case should be dismissed as moot where "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir.2001).

"In the bankruptcy context the determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy." In re Pattullo, 271 F.3d 898, 901 (9th Cir. 2001)(citing In re Universal Farming Industries, 873 F.2d 1334, 1335 (9th Cir. 1989)).  "When the issue being litigated directly involves the debtor's reorganization, the case is mooted by the dismissal of the bankruptcy." Id. (citing In re Universal Farming Industries, 873 F.2d at 1335. "[I]f the issue is ancillary to the bankruptcy, the dismissal of the petition does not necessarily cause the case to become moot." Id. (citing In re Universal Farming Industries, 873 F.2d at 1335 and citing Dahlquist v. First Nat'l Bank (In re Dahlquist), 751 F.2d 295, 298 (8th Cir. 1985).

Here, the automatic stay is intimately connected to the bankruptcy case that was dismissed and is entirely dependant on the existence of a bankruptcy proceeding.  Therefore, the Court finds that the dismissal of the underlying bankruptcy case has rendered Tellewoyan's appeal moot.

Furthermore, it is within the Court's discretion to dismiss an appeal from an order of the Bankruptcy Court for an appellant's failure to file a brief in a timely fashion. See In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir.1993).  The Court may also dismiss an appeal for an appellant's

failure to prosecute his case. See Fed. R. Civ. P. 41(b).  Here, by virtue of his failure to file a brief, Tellewoyan has violated both Fed. R. Bankr. P. 8009(a)(1), which requires appellant to file a brief within fifteen days after the appeal is entered on the docket, and Judge Chesler's Order that he was to file his brief by March 27, 2006.  Moreover, he failed to notify the Court of his address change, as required by Local Civ. R. 10.1(a).  Finally, on August 10, 2006, Tellewoyan failed to appear and show cause as to why his case should not be dismissed, as I had ordered him to do by way of an Order dated July 13, 2006.  Therefore, in light of Tellewoyan's neglect of his own appeal and the dismissal of the underlying bankruptcy matter, his appeal is dismissed.

### III.  CONCLUSION

For the reasons stated above, Appellant's appeal is dismissed.  The case is now closed.


S/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge


Dated: August 10, 2006